UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEWELL OPERATING COMPANY,

    Plaintiff,

    v.

ANDREW SHALABY,

    Defendant.
_____/

No. C 09-0185 PJH

**ORDER**

    Plaintiff Newell Operating Company originally filed this action on November 24, 2008, as an administrative proceeding with the World Intellectual Property Organization ("WIPO") Arbitration and Mediation Center, an arbitration panel for the Internet Corporation for Assigned Names and Numbers (ICAAN). The WIPO Arbitration and Mediation Center is located in Geneva, Switzerland. The dispute between the parties involves the use of the term "Bernzomatic" as part of a registered Internet domain name. Plaintiff served defendant Andrew Shalaby with a copy of the complaint on December 30, 2009.

    On January 14, 2009, defendant filed a notice of removal of the proceeding under 28 U.S.C. § 1441, alleging federal question jurisdiction under 28 U.S.C. § 1331, based on "First Amendment issues" in the case, and also asserting diversity jurisdiction under 28 U.S.C. § 1332.

    Under the hearing "Jurisdiction and Venue," defendant quoted from § 4(k) of ICAAN's "Uniform Name Dispute Resolution Policy," which provides, in part, as follows:

> The mandatory administrative proceeding requirements set forth [in the Policy] shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days . . . before implementing that decision. We will then implement that decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted . . . the Rules of Procedure.

After the notice of removal was filed, the case was randomly assigned to a United States Magistrate Judge. On January 16, 2009, defendant filed a notice of declination to proceed before a U.S. Magistrate Judge. On January 21, 2009, the case was reassigned to the undersigned.

On February 26, 2009, plaintiff filed a notice of voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). "[U]nder Rule 41(a)(1)(I), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (citation and quotation omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078.

The filing "itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, Calif., 545 F.3d 1134, 1145 (9th Cir. 2008) (citation and quotation omitted). "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." Id.

Because it is this court's practice to issue an order of dismissal upon the filing of a Rule 41(a) notice of dismissal, the court entered the dismissal as an order on March 2, 2009.

2

Meanwhile, on February 27, 2009, defendant filed an "ex parte" application[1] to stay the action pending issuance of the arbitration decision. In the application, defendant stated that "WIPO apparently has not acknowledged or recognized the removal as operative" and has "advised that it shall determine the matter." Defendant added that "[p]ursuant to WIPO rules, once it renders a decision, the matter is then subject to U.S. Court determination de novo." Accordingly, defendant stated, "[i]f the [WIPO] ruling is adverse to [d]efendant, [d]efendant shall serve the removal documents and related pleadings again on [p]laintiff, and shall immediately advise the [c]ourt so that the case management calendar can resume, if this application is granted."

On March 2, 2009, two hours after the court entered the dismissal of the action, defendant filed an "ex parte" application for an amended order of dismissal. Defendant asserted that the notice of dismissal had not been filed by plaintiff "upon the necessary parties, namely the Judicial body from which the action was removed, and the website hosting company which the action was intended to enjoin." Defendant also claimed that WIPO had "advised the parties that the removal of the action did not divest WIPO's jurisdiction, and that it would proceed to determination of the case notwithstanding removal."

In order to "assure there is no confusion as to the fact that the WIPO action is dismissed," defendant requested the court to sign the order accompanying the application. The proposed order submitted by defendant stated that "[p]laintiff's request for dismissal of this action . . . is GRANTED. This action filed by Newell Operating Company with . . . [WIPO] pertaining to the dispute over the domain name "www.bernzomaticinjuries.com" is DISMISSED WITHOUT PREJUDICE. The underlying WIPO action is terminated accordingly."

That same day, approximately three hours later, defendant filed yet another "ex

---

[1] "Ex parte" ("without other party") means "contact with the Court without the advance knowledge or contemporaneous participation of all other parties. Civil L.R. 1-5(d). In the present case, defendant's application was not "ex parte," as he certified that copies of the application were served on plaintiff's counsel and on WIPO.

parte" application, this time seeking an order to show cause why plaintiff and its counsel should not be sanctioned for dismissing the removed action while at the same time maintaining the underlying arbitration proceeding with WIPO.  According to defendant, after he filed his "ex parte" application for an amended order of dismissal, plaintiff advised WIPO that only the removed action had been dismissed, but not the underlying arbitration proceeding.

Defendant asserts that after he was served with the complaint filed in the WIPO proceeding, he "timely removed the action to this [c]ourt," and that "in response to the removal, [plaintiff] dismissed the entire action."  Defendant claims that "[t]he dismissal is clearly valid," but argues that plaintiff "kept the dismissal secret from WIPO, and upon learning that WIPO had been notified of the dismissal by [d]efendant," advised WIPO that only the removed action had been dismissed.  Defendant characterizes this as a "fraudulent act openly perpetrated by [plaintiff]."

Defendant again requests that the court sign the "amended order of dismissal" previously submitted, and set a hearing for determination of whether sanctions are warranted against plaintiff.

It appears to the court that the present action was improperly removed.  The statutes governing removal to federal district court refer only to "any civil action" brought in a "state court."  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 2:622.1, et seq.  The present arbitration proceeding filed in the WIPO Arbitration and Mediation Center in Geneva, Switzerland, does not qualify as a "civil action" filed in a "state court."  Moreover, ICANN's Uniform Domain Name Dispute Resolution Policy provides for the filing of a court action either before an arbitration proceeding is commenced, or after it is concluded, but not while such a proceeding it is pending.

If the action was improperly removed from the WIPO Arbitration and Mediation Center, there is no action over which the court can exercise jurisdiction.  On the other hand, to the extent that the action was in fact removed to this court, plaintiff was within its rights to voluntarily dismiss it.  Once plaintiff filed the notice of dismissal, this court was

4

divested of jurisdiction.

Either way, the court does not have jurisdiction to issue any further orders – whether based on a request by defendant to amend the plaintiff's dismissal, on a request to stay the action pending issuance of the arbitration decision, on a request to "terminate" the WIPO action, on a request for an order to show cause, or on a request for an order to show cause re sanctions.

**IT IS SO ORDERED.**

Dated:  March 3, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge